# United States District Court
## Middle District of Florida
### Orlando Division

JOSE SILVA,

                **Plaintiff,**

-vs-                                    **Case No.  6:06-cv-439-Orl-28JGG**

OLE' OLE', LLC,

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 19)** |
| **FILED:** | **November 3, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff Jose Silva seeks to hold Defendant Ole Ole, LLC liable for allegedly failing to pay him overtime wages pursuant in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  The parties have entered into a settlement agreement, and under the terms of this agreement, Defendant has agreed to pay Plaintiff $300 and Plaintiff's counsel $2,100. The parties now ask the Court to approve the settlement and to dismiss the case with prejudice.

## I.    THE LAW

### A.    Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1354-55.  If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.  Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.  *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

## B.      Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).

## II.   APPLICATION

Plaintiff alleges that Defendant failed to pay him the minimum wage and overtime wages for his work as a food services employee in violation of the FLSA. Docket No. 1 (complaint). In his answers to the Court's Interrogatories, Plaintiff stated that he worked for Defendant from December 15, 2004 through August 28, 2005, performing construction work to assist Defendant in opening the restaurant and working as a cook for Defendant after the restaurant opened. Docket No. 17 at 3, ¶ 4. Plaintiff claimed that Defendant owed him $4,699.50 in overtime and unpaid wages, plus $4,699.50 in liquidated damages, for a total of $9,399 "plus reasonable attorneys' fees and costs." *Id.*, ¶ 6(d). Plaintiff further provided a breakdown of the overtime hours worked as follows: 1.) from December 15, 2004 through February 20, 2005, he worked an average of fifteen overtime hours per week; 2.) from February 21, 2005 through April 30, 2005, he worked sixty-five overtime hours per week; and 3.) from May 1, 2005 through August 28, 2005, he worked forty overtime hours per week. *Id.*, ¶ 6(c).

On September 22, 2006, Defendant filed its Verified Summary of hours worked and the rate of pay and wages paid to Plaintiff. Docket No. 18. In the Verified Summary, Defendant responded that Plaintiff was an independent contractor for the period from January 3, 2005 through February 21, 2005, and therefore, was not entitled to overtime wages. *Id.* at 2, ¶ 3. Defendant, nonetheless,

admitted that it hired Plaintiff as a Pastry and Salad Chef on February 21, 2005, and that from that date through August 7, 2005, Plaintiff worked "five days per week and nine hours per workday, for a total of 45 hours per workweek." *Id.* at 2, ¶ 4. According to Defendant, during that period, Plaintiff was compensated at an hourly rate of $11.11 which totaled $500 per week for forty-five hours of work. *Id.* at 3, ¶ 5. Defendant concluded: "It is Ole Ole's position that Plaintiff is owed . . . a total of $666.00 in unpaid wages. When factoring liquidated damages, it is Ole Ole's position that its liability in this case, if any, is capped at $1332.00, plus <u>reasonable</u> attorneys' fees and costs." *Id.* at 3, ¶ 6 (emphasis in original).

On November 3, 2006, the parties filed a joint motion for approval of the settlement and to dismiss the case. Docket No. 19. In the motion, the parties state that Defendant has agreed to pay Plaintiff $2,400, which includes attorney's fees and costs, in exchange for a general release of all claims in favor of Defendant. *Id.* at 2, ¶ 5. The parties stipulate that they had a bona fide dispute, and that they are resolving the matter in order to avoid the cost, time, and risks of litigation. *Id.*, ¶ 7.

Upon review of the joint motion, the undersigned ordered the parties to file a copy of the settlement agreement, and to provide a breakdown of the amount of damages, attorney's fees, and costs to be paid to Plaintiff and/or counsel for Plaintiff on or before November 22, 2006. Docket No. 20. On November 11, 2006, the parties filed an unexecuted copy of an Agreement and General Release (Docket No. 21-2), and a joint response in which they state that under the terms of the settlement agreement, Defendant will pay the $2,400 settlement amount in two separate allocations: 1.) $300 "payable to Plaintiff and representative of unpaid wages," and 2.) $2,100 "payable to counsel for Plaintiff and representative of attorneys' fees and costs." Docket No. 21 at 2. The parties also

explain that they filed an unexecuted copy of the settlement agreement because "[t]he original agreement was drafted in Spanish and was forwarded to Plaintiff's residence in Chile for his signature [and] [t]he parties do not expect that the settlement agreement will be returned from Chile before November 22, 2006." *Id.* at 1.

Although the parties stipulate that the settlement is fair and reasonable, the Court disagrees. The total amount of the settlement – $2,400 – is not unreasonable.  The bulk of this amount, however, will be paid directly to Plaintiff's counsel as attorney's fees and costs, and Plaintiff will receive only $300.  Plaintiff's share is approximately three percent of $9,399 (the amount Plaintiff claimed in his answers to the Court's Interrogatories), less than half of $666 (the amount that Defendant *admitted* it owed in unpaid wages), and less than twenty-three percent of $1,332 (the amount Defendant stated was its total possible liability, exclusive of attorney's fees and costs).  Based on the small amount to be paid to Plaintiff and Defendant's statement that it owed at least $666 in unpaid wages, the Court finds that settlement of the action by paying Plaintiff's counsel $2,100 and paying Plaintiff only $300 is not fair and reasonable.

Further, comparing the amount of the Plaintiff's recovery to the attorneys' fees to be paid, the Court finds that the amount of attorney's fees is excessive.  *See, e.g., Goss*, 248 F. Supp. 2d at 1169. The case settled early.  The parties did not conduct any discovery, and never met for an initial case management conference.  Plaintiff's counsel submitted no documentation as to hourly rate or hours worked.  The parties have failed to state sufficient grounds for approving the breakdown of this $2,400 settlement.

Accordingly**,** it is hereby **ORDERED** that the Joint Motion for Approval of Settlement and to Dismiss the Case with Prejudice [Docket No. 19] is **DENIED** without prejudice.  It is

**FURTHER ORDERED** that on or before January 31, 2007, the parties shall either 1.) file a renewed joint motion for approval of a new settlement that details a fair and reasonable allocation of the settlement amount, along with documents supporting the amounts claimed (including an executed settlement agreement and the time sheets or attorney billing records of Plaintiff's counsel); or 2.) meet, prepare, and file a Case Management Report pursuant to the requirements established in Local Rule 3.05 for Track Two cases.[2]  Failure to comply may result in the striking of pleadings or dismissal of the case.

**DONE** and **ORDERED** in Orlando, Florida on November 22, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2]The parties shall utilize the Case Management Report form located at the Court's website **www.flmd.uscourts.gov** under "Judicial Information" and under assigned Judge John Antoon II, United States District Judge. Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting. Fed. R. Civ. P. 26 (d); Local Rule 3.05(c)(2)(B).